## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRENCE TYREE EDWARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 2:15-cv-688-KOB-JEO |
| | ) | |
| WARDEN BILLUPS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Terrence Tyree Edwards, an Alabama state prisoner acting *pro se*, file a writ

of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Incarcerated at the Kilby

Correctional Facility in Mt. Meigs, Alabama, Edwards challenges his murder

conviction and resulting 30-year prison sentence, imposed by the Circuit Court of

Jefferson County, Alabama, in 2012.  On February 26, 2018, the magistrate judge

to whom the case is referred entered a 30-page report and recommendation

recommending that the petition be denied.  (Doc. 14 ("R&R")).  Edwards has now

filed a 29-page objection to the magistrate judge's R&R, as authorized by 28

U.S.C. § 636(b)(1).  (Doc. 17 ("Obj.")).

Most of Edwards's objections amount to a re-hashing of arguments raised in

his habeas petition (doc. 1) and in his reply in support of it (doc. 13), filed in

response to the State's answer.  For instance, Edwards repeatedly proclaims that

the evidence was insufficient to convict him of murder and that he is actually innocent because the killing was, as he testified at trial, merely an accident in which Edwards had attempted to take a gun away from the victim, his live-in girlfriend, Nina Gardner, and it discharged while they were struggling over it. Edwards also laments that unspecified exculpatory forensic evidence supporting his version of events presumably existed and was suppressed by the prosecution in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), was not properly investigated and developed by his counsel, in violation of *Strickland v. Washington*, 466 U.S. 688 (1984), or both. He also argues that his counsel was ineffective in a host of respects, including for failing to request jury instructions on lesser-included offenses. It suffices to say, however, that all such claims are adequately addressed by the magistrate judge's thorough R&R and are rejected for the reasons stated in it.

Edwards's objections, however, also include a number of additional arguments and allegations that might be characterized as new grounds for habeas relief or as perhaps attempting to offer further facts in support of claims vaguely asserted previously. For example, Edwards maligns the trial court's charge to the jury as deficient because it did not mention the word "accident." Edwards seems also to claim that his counsel was ineffective for failing to object to that omission or to demand an instruction discussing the word. (*See* Obj. at 10, 23-24).

But, Edwards does not present the former claim as one arising under the

Constitution or laws of the United States, a prerequisite for federal habeas relief.

*See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that

'federal habeas corpus relief does not lie for errors of state law.'" (*quoting Lewis v.*

*Jeffers*, 497 U.S 764, 780 (1990)). Nor was either claim properly raised and

exhausted in the Alabama state courts, thereby rendering the claims procedurally

defaulted. *See Burden v. Jones*, 2008 WL 4767487, at *16 (M.D. Ala. Oct. 28,

2008). Moreover, Edwards's allegations on the subject remain vague and

insufficient to support that the jury charge as a whole violated either Alabama law

or due process or that his trial counsel's failure to request a specific instruction

amounted to constitutionally ineffective assistance. *See Jamerson v. Secretary for*

*DOC*, 410 F.3d 682, 690 (11th Cir. 2005) ("Our inquiry [in the habeas context] …

is not whether the challenged instructions were 'undesirable, erroneous, or even

universally condemned;' our inquiry is [limited to] whether the instructions 'so

infected the entire trial that the resulting conviction violates due process.'"

(*quoting Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (citation and quotation marks

omitted)); *Berghuis v. Thompkins*, 560 U.S. 370, 389-91 (2010) (for counsel's

failure to request a particular jury instruction to rise to the level of a Sixth

Amendment violation, it must appear that had the requested instruction been given,

there is a reasonable probability that the result of the proceeding would have been

different).

Edwards next argues that hearsay was improperly admitted at trial, pointing

to statements made by two of the victim's relatives. (Obj. at 11-13). First,

Edwards seems to contend that the trial court should have excluded testimony by

Chastity Garner, the victim's niece, in which she said she heard the victim say

"please stop it" in the background of a phone call. (*See* Doc. 7-11 at 5). Second,

Edwards refers to unspecified, unsworn statements on a 9-1-1 call made by the

victim's grandmother, Vera Gardner, who did not testify at trial. (Obj. at 12-13).

Edward's allegations, however, do not demonstrate that any of these statements

were, in fact, inadmissible hearsay under Alabama law or that Edwards was

unfairly prejudiced. But even assuming the statements might have been excludable

as hearsay, federal habeas relief does not lie for errors of state law, and Edwards

does not argue that the admission of such statements violated the United States

Constitution. These claims are also due to be denied on the ground that they are

unexhausted and procedurally defaulted.

Edwards also maintains that an Assistant District Attorney prosecuting him,

Megan Cuckler, "lied to the court" during a hearing on a motion in limine filed by

the defense. (Obj. at 12). In support, Edwards alleges that, in characterizing to the

court what Edwards allegedly said on a call for help he made to the victim's

mother, Cuckler allegedly told the court, "He tells them to please come over.  He will not say why, so, he says something about Nina is shot." (*Id.*)  Edwards insists that he never made that statement and that Cuckler knew that to be true.  This claim is due to be denied on multiple grounds.  For starters, it is entirely unclear from Edwards's allegation what the prosecution gained as a result of Cuckler's alleged misrepresentation, which is not itself evidence; how Edwards was unfairly prejudiced; or why any of this matters in the context of the trial.  Edwards also does not tie the prosecutor's alleged misrepresentation to any provision of the Federal Constitution, and any federal claim that he might conceivably articulate is unexhausted and procedurally defaulted.

Edwards further claims that the trial court improperly admitted certain statements he made to police on the night of the killing, which he says were obtained in violation of his rights to counsel and due process.  (Obj. at 13).  *See generally Miranda v. Arizona*, 384 U.S. 436 (1966).  This claim does not appear in his federal habeas petition, nor did Edwards raise it in the Alabama appellate courts.  As such, it is due to be denied both because it is barred by the one-year statute of limitations, 28 U.S.C. § 2244(d)(1)(A), and because it is unexhausted and procedurally defaulted, 28 U.S.C. § 2254(b)(1).  But even absent those procedural hurdles, Edwards's allegations are, again, conclusory and fail to support that any statement he gave to police violated of *Miranda*.  Indeed, the Alabama Court of

Criminal Appeals specifically recites in its opinion on direct appeal that the police read Edwards his *Miranda* rights and that he waived them before he gave his statement. (Doc. 7-11 at 7-8; *see also* Doc. 7-7 at 166-68, R. 166-68). Edwards does not refute that finding. This claim is due to be denied.

Edwards also expounds at length about the State's Exhibit 17, a cartridge casing introduced at trial as having been fired from the gun that killed the victim. (*See* Obj. at 14-20). Edwards claims that the prosecutors knew that the casing was not from the murder weapon and suppressed that fact, in violation of due process under *Brady*. (*Id.* at 14-18). He suggests that, had he known that the casing was not actually from the gun, "he could [have] proved that the distance testing [by] the State's expert witness," which led him to conclude that the victim had been shot from four to five feet away, "could not [have] been applied in this case because it was not based on his same ammunition that was fired from [Edwards's] gun." (*Id.* at 18).

This claim is also due to be denied. As a threshold matter, like all of Edwards's other new or embellished claims discussed here, it was not exhausted in the Alabama state courts and is procedurally defaulted. But even on the merits, it would entitle Edwards to no relief. For starters, it is wholly unclear from Edwards's allegations upon what evidence he bases his present assertions that (1) the Exhibit 17 casing is not actually what it was purported to be at trial and (2) that

prosecutors knew that to be so.  The trial testimony established that the casing was recovered from the scene by police.  (*See* Doc. 7-6 at 49-50, 59-61, R. 111-12, 121-23).  It, along with the murder weapon and several other items, was subsequently examined by the police department's firearms examiner, Mitch Rector, who testified as an expert witness for the State.  (See Doc. 7-7 at 36-39, 55, R. 193-96, 212).  Edwards has alleged that, "based on toolmarks, it is the States (sic) expert witnesses expert (sic) opinion that States (sic) Exhibit 17 was not fired from the Defendants (sic) gun."  (Obj. at 18-19).  However, the record belies that claim; Rector testified, rather, merely that the toolmarks on the exhibit casing were too feint to allow him to verify independently that it came from the murder weapon, *not* that it affirmatively did not come from it.  (Doc. 7-7 at 37-38, R. 194-95).

In any case, if that is the testimony that Edwards is referring to, as it would seem, it shows that the information at issue was put before the jury, not suppressed from the defense.  Edwards's allegations also fail to explain why it would be necessary to ascertain affirmatively that the Exhibit 17 casing came from the murder weapon.  Indeed, while Rector acknowledged that he could not himself independently match that *casing* to the murder weapon, he nonetheless testified both that he was able conclusively to match the *bullet* that killed the victim to the gun at issue (*id*. at 38-39, R. 195-96), and to determine from gunpowder residue on

7

the victim's clothing that the shot was fired from approximately four to five feet away. (*Id*. at 39-40, R. 205-06). As such, Edwards has offered nothing to indicate that the Exhibit 17 casing was somehow the lynchpin supporting all of the State's other forensic evidence.

Finally, Edwards asserts that the trial court erred because it allegedly did not ask each of the jurors if they had resided in Jefferson County for more than 12 months, as required by Alabama state law. (Obj. at 26). *See* Ala. Code § 12-16-60(a). However, even assuming such an omission by the trial court, Edwards has not claimed that it was anything other than a violation of state law, as opposed to of the Federal Constitution. That alone dooms the claim, because, again, this court cannot grant habeas relief based on mere errors of state law. In any case, the Federal Constitution did not entitle Edwards to have all jurors in his state trial be residents of Jefferson County, for more than one year or otherwise. *See United States v. Grisham*, 63 F.3d 1074, 1079-80 (11th Cir. 1995); *Zicarelli v. Dietz*, 633 F.2d 312, 315-16 (3d Cir. 1980); *Zicarelli v. Gray*, 543 F.2d 466, 477-78 (3d Cir. 1976) (en banc); *United States v. Butera*, 420 F.2d 564, 571-72 (1st Cir. 1970). And, once again, any federal claim conceivably cognizable here is also barred by the statute of limitations and the procedural default doctrine because Edwards has not raised it anywhere until now.

Having carefully reviewed and considered de novo all the materials in the court file, including the magistrate judge's Report and Recommendation and the Petitioner's Objections, the court ADOPTS the magistrate judge's report and ACCEPTS his recommendation. Petitioner's Objections are **OVERRULED**. The court finds that the petition for writ of habeas corpus is due to be **DENIED**. Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), Rules Governing § 2254 Proceedings.

The court will enter a separate Final Order.

DONE and ORDERD this 5th day of June, 2018.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE